# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARNHART CRANE AND RIGGING CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-mc-32-SDD-EWD** |
| **NEW GREEN LEGACY SERVICES SHREVEPORT, LLC, ET AL** | |

## **ORDER**

Before the Court is a Motion for Writ of Garnishment, filed by Barnhart Crane and Rigging Company ("Barnhart").[1] The Motion is not opposed.

### I. BACKGROUND

In the Motion for Writ of Garnishment, Barnhart asserts that it is a judgment creditor of the defendants, New Green Legacy Services, Inc. and New Green Legacy Services Shreveport, LLC (collectively, "New Green"), by virtue of a Default Judgment entered by the United States District Court for the Western District of Tennessee.[2] Pursuant to 28 U.S.C. § 1963, Barnhart registered the Default Judgment in this Court on March 16, 2017.[3] In the Motion for Writ of Garnishment, Barnhart asserts that it has learned Entergy Gulf States Louisiana, L.L.C. ("Entergy") is holding funds that are payable to New Green pursuant to a contract between Entergy

---

[1] R. Doc. 2.
[2] R. Doc. 2 at ¶ 1.
[3] R. Doc. 1. 28 U.S.C. § 1963 provides, in pertinent part, that:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963.

and New Green.[4] To execute the Default Judgment, Barnhart seeks, pursuant to Fed. R. Civ. P. 69 and La. Code Civ. P. arts. 2411-2417, an order from this Court directing the Clerk of Court to issue a writ of garnishment directing Entergy to declare under oath in what amount it is indebted to New Green Legacy Services, Inc. and/or New Green Legacy Services Shreveport, LLC, and directing the United States Marshal to serve the writ of garnishment on Entergy through its registered agent for service of process.[5]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 69(a) provides that, "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Rule 69(a)(1) further provides that, "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. According to Rule 69(a)(2), "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Under Louisiana law, "A judgment for the payment of money may be executed by a writ of *fieri facias* directing the seizure and sale of property of the judgment debtor." La. Code Civ. P. art. 2291. Louisiana law authorizes garnishment following the issuance of a writ of *fieri facias*. According to La. Code Civ. P. art. 2411(A):

> The judgment creditor, by petition *and after the issuance of a writ of fieri facias*, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor and in what amount

---
[4] R. Doc. 2 at ¶ 2.
[5] R. Doc. 2 at 2.

> is indebted to him, even though the debt may not be due. He may require the third person to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.

La. Code Civ. P. art. 2411(A) (emphasis added).

Despite the clear language of La. Code Civ. P. art. 2411(A), Barnhart has not submitted any evidence to show that a writ of *fieri facias* or writ of execution has been issued, by this Court or the United States District Court for the Western District of Tennessee, prior to filing the instant Motion for Writ of Garnishment. Cases from the federal district courts in Louisiana show that a writ of garnishment is generally issued simultaneously with the issuance of a writ of *fieri facias* or writ of execution, or thereafter.[6] The Court is unaware of any cases wherein a Louisiana federal district court has issued a writ of garnishment prior to the issuance of a writ of *fieri facias* or writ of execution, and Barnhart has not directed the Court to any such cases.

---

[6] *See, Cargill Inc. v. Hebert Farms Partnership*, No. 08-cv-457-RET-CN (M.D. La. 2011) (R. Docs. 12, 14) (judgment creditor sought issuance of a writ of execution and/or writ of *fieri facias*, citing several third-parties as garnishees and requiring them to answer garnishment interrogatories; this Court granted the motion); *New Orleans Elec. Pension Fund, et al. v. Knight Enterprises of Louisiana, LLC*, No. 06-mc-35-JVP-CN (M.D. La. 2006) (R. Docs. 2, 3) (plaintiffs sought a writ of *fieri facias* and that a third party be cited as garnishee and ordered to answer garnishment interrogatories; this Court ordered the issuance of a writ of *fieri facias* and that the third-party be cited as garnishee and required to answer the interrogatories); *Tenet Healthsystem Hospitals, Inc. v. Barnes*, No. 02-cv-1019-JVP (M.D. La. 2002) (R. Docs. 1, 2, 3) (plaintiff sought the issuance of a writ of execution and that a third-party be cited as garnishee and ordered to answer the garnishment interrogatories; this Court issued an Order requiring the third-party to answer the interrogatories and issued a Writ of Execution the following day); *Farm Credit Bank v. Guidry, et al*, No. 97-cv-682-FJP-CN (M.D. La. 1995) (R. Docs. 2, 3, 4, 5, 6) (docket shows that plaintiff filed two motions, a motion for writ of *fieri facias* and a motion for garnishment, on the same day; this Court issued an Order granting the motion for writ of *fieri facias* and an Order granting the motion for garnishment on the same day). *See also, Seven Arts Pictures, Inc., et al. v. Jonesfilm*, No. 09-mc-4814-JTM-DEK (E.D. La. 2011) (R. Docs. 14, 17) (judgment creditor filed petition for garnishment seeking a writ of *fieri facias* to seize the property of the judgment debtor in the possession of garnishees and requiring garnishees to answer garnishment interrogatories; in the same order, court issued a writ of *fieri facias*, cited third-parties as garnishees, and ordered garnishees to respond to interrogatories); *Powell, et al. v. Collier Const., L.L.C. KA*, No. 03-cv-0707-SMH-MLH (W.D. La. 2006) (R. Docs. 69, 72, 74, 75) (judgment creditor obtained writ of *fieri facias* before filing application for writ of garnishment, requesting that third-party be cited as garnishee and required to answer garnishment interrogatories; court granted the motion); *General Elec. Capital Corp. v. The Jane R.*, No. 97-cv-1176-GTP (E.D. La. 2000) (R. Docs. 71, 73) (plaintiff simultaneously sought writ of execution commanding the seizure of the judgment debtor's property and that a third-party be cited as garnishee and ordered to answer garnishment interrogatories; court granted the request); *Sunsolution, Inc. v. Evangeline Health Care, Inc.*, No. 99-cv-120-EBC (E.D. La. 2000) (R. Doc. 23, 30) (after obtaining writ of *fieri facias*, judgment creditor filed two petitions for garnishment, seeking to have third-parties cited as garnishee and ordered to answer interrogatories; court granted the requests).

Accordingly,

**IT IS HEREBY ORDERED** that within **twenty-one (21) days** of the date of this Order, Barnhart shall file the following documentation into the record in this matter: (1) documentation evidencing that Barnhart obtained a writ of *fieri facias* or writ of execution prior to filing its Motion for Writ of Garnishment,[7] as required by La. Code Civ. P. art. 2411(A) and applicable case law; or, alternatively, (2) supplemental briefing regarding why Barnhart was not required to obtain a writ of *fieri facias* or writ of execution prior to filing the Motion for Writ of Garnishment; or, alternatively, (3) supplemental briefing requesting a writ of *fieri facias* or writ of execution from this Court. The supplemental memoranda shall be limited to ten (10) pages.

Signed in Baton Rouge, Louisiana, on May 5, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] R. Doc. 2.